

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

**Mark J. Rosenberg**
**Partner**
**212-216-1127**
mrosenberg@tarterkrinsky.com

September 25, 2018

*Via ECF*

Hon. Laura Taylor Swain
United States District Court
500 Pearl Street
New York, NY 10007

> **Re:    *Huizenga v. NYP Holdings, No. 17-cv-02113-LTS-GWG***

Dear Judge Swain:

We represent plaintiff Robert Huizenga, MD, in the above-captioned defamation action. We write in response to Defendant Joelle Gwynn's letter to the Court, dated September 21, 2018 (ECF No. 80).

While couched in terms of a request for a Rule 16 conference, the letter is nothing more than an improper request to stay discovery from Ms. Gwynn and an inappropriate attempt to reiterate arguments that already have been fully briefed and submitted to the Court in connection with Ms. Gwynn's Motion to Dismiss the Second Amended Complaint (the "Motion") (ECF Nos. 49-50). Accordingly, a Rule 16 conference is not needed at this time, and the Court should deny Ms. Gwynn's request.

Ms. Gwynn is the primary—or, in some circumstances, only—attributed source for a number of the defamatory statements at issue in this action; as such, discovery from her is critical. Dr. Huizenga has have been seeking to depose Ms. Gwynn since February 26, 2018, when this firm served a notice of deposition on her counsel. Ms. Gwynn's counsel has refused to provide a date for her deposition despite numerous requests. (Ex. A (email from M. Rosenberg to D. Korzenik, dated September 7, 2018).) Most recently, Ms. Gwynn's counsel stated in an email that he was "looking to setting [sic] up a deposition of [Ms. Gwynn] in early to mid-November" but that he did not believe Ms. Gwynn's deposition should proceed until they received the third-party documents subpoenaed by Defendant NYP Holdings, Inc. ("NYP") as well as certain documents from Dr. Huizenga. (*Id.* (email from D. Korzenik to M. Rosenberg, dated September 7, 2018).) Ms. Gwynn's counsel further noted the need to see Dr. Huizenga's privilege log and to resolve any issues related thereto, presumably before any deposition could be scheduled. (*Id.*)

Counsel for Dr. Huizenga responded by email, explaining to Ms. Gwynn's counsel that the issues concerning the third-party document productions are not valid grounds to avoid providing a date for Ms. Gwynn's deposition, as the third-party documents likely will be produced by the time Ms. Gwynn is deposed, and that, in any event, Dr. Huizenga would be the

Hon. Laura Taylor Swain
September 25, 2018
Page 2 of 3

only party prejudiced by not having the documents in time for the deposition. (*Id.* (email from M. Rosenberg to D. Korzenik, dated September 14, 2018).) Moreover, to address the purported concerns regarding privileged documents withheld by Dr. Huizenga, we proposed to produce in advance of Ms. Gwynn's deposition any document that we intended to use that previously was withheld on privilege grounds. (*Id.*)

During a September 20, 2018, telephonic meet and confer to discuss Ms. Gwynn's deposition with Ms. Gwynn's counsel, her counsel informed us for the first time of its position that Ms. Gwynn should not be deposed until after the Court rules on her Motion. Ms. Gwynn reiterated the basis for her refusal to be deposed in her September 21, 2018, letter to the Court. According to Ms. Gwynn, deposing her about three of the defamatory statements she made (which she challenges in her Motion) before the Court rules on them would "needlessly confuse matters in the case and hamper [her] adequate preparation" because she is an "inexperienced defendant".[1] (ECF No. 80 at 2).

This is a mere delay tactic. That Ms. Gwynn is not an experienced defendant is not a legitimate ground to avoid being deposed. Moreover, Ms. Gwynn's statements that are the subject of the Motion each appeared in the articles published by defendant NYP. The falsity of these statements is one of the central issues in this case. Ms. Gwynn has firsthand knowledge of the supposed factual basis for her own statements. As more fully set forth below, that an anonymous source supposedly has knowledge of similar but not the same alleged conduct is of no moment. Dr. Huizenga is entitled to obtain discovery from Ms. Gwynn as to, among other things, the basis for her statements and her communications with NYP's reporters. This holds true whether or not Dr. Huizenga is a public figure. Yet, Ms. Gwynn fails to explain why the Court's ruling on any issue is necessary for her deposition to proceed.

Ms. Gwynn's letter also improperly attempts, through the submission of purported "new" authority, to rehash some of the pleading arguments raised in her Motion. The case that Ms. Gwynn seeks to bring to the Court's attention, *Lemelson v. Bloomberg L.P.*, No. 17-1620, 2018 WL 4140269 (1st Cir. Aug. 30, 2018) (ECF No. 80 at 3), is not binding on this Court and adds nothing of substance to the Motion. Indeed, the letter itself concedes that *Biro v. Conde Nast*, 807 F.3d 541 (2d Cir. 2015), which is discussed in both Ms. Gwynn's Motion as well as Dr. Huizenga's opposition papers, already follows the analytical framework discussed in *Lemelson*. (ECF No. 80 at 3, n.1.) In any event, as explained in Dr. Huizenga's opposition papers, he has more than satisfied his pleading burden with respect to Ms. Gwynn by alleging that she knowingly made false statements of fact concerning him, including that he provided her with illicit drugs and/or he condoned staffers on the show providing her with illicit drugs.

---

[1] Ms. Gwynn similarly cannot avoid liability on the ground that she has limited resources (ECF No. 80 at 1). If Ms. Gwynn defamed Dr. Huizenga, he is entitled to a judgment against her, regardless of whether she currently is able to satisfy that judgment. Moreover, we have repeatedly informed Ms. Gwynn's counsel that we are willing to accommodate her by holding the deposition in a city that is convenient to her and her counsel.

Hon. Laura Taylor Swain
September 25, 2018
Page 3 of 3

Finally, Ms. Gwynn's reference to certain testimony elicited during the deposition of *New York Post* reporter, Maureen Callahan, concerning an alleged "confidential source" close to production who "confirmed drug use on the *Biggest Loser* set" (*id.* at 4) is entirely misleading. In reality, Ms. Callahan never communicated directly with the alleged confidential source, but rather spoke through an intermediary at all times and therefore Ms. Callahan had no way to confirm the veracity of what allegedly was relayed to her.  Moreover, based on Ms. Callahan's testimony and Ms. Gwynn's interrogatory responses, it does not appear that the source ever witnessed the alleged incidents that are the subject of Ms. Gwynn's defamatory statements.

Accordingly, the conference requested by Ms. Gwynn is unnecessary and is nothing more than a thinly-veiled attempt to further delay Ms. Gwynn's long-delayed deposition. Accordingly, Dr. Huizenga respectfully requests that the Court decline Ms. Gwynn's request for a conference.

Very truly yours,

Mark J. Rosenberg

Encl.

Cc:  Counsel for All Parties via ECF

# EXHIBIT A

# Deanna M. Dubinsky

**From:**         Mark J. Rosenberg
**Sent:**         Friday, September 14, 2018 4:58 PM
**To:**           'David  Korzenik'
**Cc:**           Terence Keegan; Joel H. Rosner; Darnell S. Stanislaus; Feder, Eric
                  (EricFeder@dwt.com); Balin, Robert (robertbalin@dwt.com);
                  Schneier, Sharon (sharonschneier@dwt.com)
**Subject:**      RE: Huizenga v. NYP Holdings et al.

David,

Despite due demand, you have not provided a date for Ms. Gwynn's deposition.

The current issues regarding the production companies' document production are not a grounds for objecting to at least setting  a deposition date two months from now.  By then, the documents will likely have been produced.  Moreover, even if the production companies' documents are not produced by then, the party that will be prejudiced by the failure to produce will be Dr. Huizenga, the party taking the deposition.  Your client will not be prejudiced by Dr. Huizenga's inability to use the production companies' documents in the taking of her deposition.

With respect to the privileged documents, we will agree that to the extent that Dr. Huizenga intends to use in the deposition any of the documents withheld on the grounds of privilege, those documents will be produced in advance of the deposition.

Please let us know when you are available on Monday or Tuesday to meet and confer in accordance with Magistrate Judge Gorenstein's rules.


Mark





**Mark J. Rosenberg | Partner**
D: 212-216-1127 | F: 212-216-8001
mrosenberg@tarterkrinsky.com | Bio

Tarter Krinsky & Drogin LLP
1350 Broadway | New York | NY | 10018
www.tarterkrinsky.com

---

**From:** David Korzenik [mailto:dkorzenik@mkslex.com]
**Sent:** Friday, September 07, 2018 6:21 PM
**To:** Mark J. Rosenberg
**Cc:** Terence Keegan; Joel H. Rosner; Darnell S. Stanislaus; Feder, Eric (EricFeder@dwt.com); Balin, Robert (robertbalin@dwt.com); Schneier, Sharon (sharonschneier@dwt.com)
**Subject:** [EXT] Re: Huizenga v. NYP Holdings et al.

Mark:
We are looking to setting up a deposition of Joelle in early to mid-November.

Likely it would be in Detroit, but we are trying to figure out the least costly way to do it.

I am in agreement with Robert on the concern that the deposition not proceed until we have received a) the documents requested from the production companies (especially those that might pertain to Joelle) as well as b) the documents from your client. We do need to see the privilege log that you are working on and resolve the issues that pertain to that as well.

My apologies for my delay on your earlier email. I have been away for the latter part of August and have been dealing with multiple deadlines and a very tight briefing schedule on another matter in SDNY.

Best wishes for a Happy and Healthy New Year. - David


David S. Korzenik
Miller Korzenik Sommers Rayman LLP
The Paramount Building
1501 Broadway, Suite 2015
New York, NY 10036
Tel.: 212-752-9200
Fax: 212-688-3996
dkorzenik@mkslex.com
 MKSR.Law

---

**From:** "Mark J. Rosenberg" <mrosenberg@tarterkrinsky.com>
**Date:** Friday, September 7, 2018 at 12:18 PM
**To:** David Korzenik <dkorzenik@mkslex.com>
**Cc:** Terence Keegan <tkeegan@mkslex.com>, "Joel H. Rosner" <jrosner@tarterkrinsky.com>, "Darnell S. Stanislaus" <dstanislaus@tarterkrinsky.com>, "Feder, Eric (EricFeder@dwt.com)" <EricFeder@dwt.com>, "Balin, Robert (robertbalin@dwt.com)" <robertbalin@dwt.com>, "Schneier, Sharon (sharonschneier@dwt.com)" <sharonschneier@dwt.com>
**Subject:** Huizenga v. NYP Holdings et al.


David,

On February 26, 2018, we served a notice of deposition on Ms. Gwynn.  To date, despite numerous requests, you have failed to provide a date for Ms. Gwynn's deposition.  This is unacceptable.

Please be advised that if by September 14, 2018, we are not provided with a date certain for Ms. Gwynn's deposition, we will raise this matter with the court.

Mark



**Mark J. Rosenberg | Partner**
D: 212-216-1127 | F: 212-216-8001
mrosenberg@tarterkrinsky.com | Bio

Tarter Krinsky & Drogin LLP
1350 Broadway | New York | NY | 10018
www.tarterkrinsky.com

---

Confidentiality Disclosure: This information in this email and in attachments is confidential and intended solely for the attention and use of the named (addressee(s). This information may be subject to attorney/client privilege or may otherwise be protected by work product privilege or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to disclose, and must not disclose, copy, distribute, or retain this message or any part of it.

This email is an informal communication that is not meant to be legally binding upon the sender unless expressly noted to the contrary.

Tarter Krinsky & Drogin LLP, Attorneys-at-Law.